[L. A. No. 3703. In Bank.—September 30, 1914.]

## C. HARPOLD, Respondent, v. THOS. A. SLOCUM and J. H. SLOCUM, Appellants.

APPEAL—NEW METHOD—REQUEST TO CLERK TO PREPARE TRANSCRIPT—FAILURE TO GIVE UNDERTAKING FOR COSTS.—The clerk of the trial court is justified in disregarding a request by a person intending to appeal for the preparation of a transcript of the testimony, as provided in section 953a of the Code of Civil Procedure, if such person fails to file any undertaking to pay the cost of the transcript, as required by section 953b of that code.

ID.—PRINTING TRANSCRIPT ON APPEAL—CONSTRUCTION OF SECTIONS DISPENSING WITH—APPLICABILITY OF RULES OF SUPREME COURT.—The provision of section 953c of the Code of Civil Procedure dispensing with the necessity of printing the transcript of the record on appeal, applies only where the appellant has availed himself of the method of appeal provided by section 953a of that code, and the latter section relates and applies only to cases where a reporter's transcript is prepared and settled; it follows, therefore, that in cases where there is no substitute for a bill of exceptions or reporter's transcript prepared, under that section, there is no statutory exemption from the necessity of printing the transcript, and the rules of the supreme court on that subject must prevail.

ID.—APPEAL FROM JUDGMENT ON JUDGMENT-ROLL ALONE—TRANSCRIPT ON APPEAL TO BE PRINTED.—Sections 953a and 953c of the Code of Civil Procedure, do not permit the filing of a typewritten record on appeal in all cases, and do not permit it in the case of an appeal from the judgment upon the judgment-roll alone, meaning by that

term the papers constituting the judgment-roll as specified in section 670 of that code. On such an appeal, the appellant cannot avoid the rule of the supreme court requiring the record upon appeal to be printed, by giving the clerk a notice, purporting to be within the terms of section 953a, to have the judgment-roll prepared as a typewritten record by the stenographic reporter. That section does not apply to such a case.

ID.—DISMISSAL OF APPEAL—TYPEWRITTEN RECORD FILED IN GOOD FAITH. Owing to the doubt attending the construction of those sections, the failure to print the transcript on appeal in a case where the rules of the supreme court required such printing, will not warrant a dismissal of the appeal, if the appellant seasonably and in good faith filed a typewritten record prepared by the stenographic reporter, believing it to be a sufficient transcript.

MOTION to dismiss an appeal from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Frank R. Willis, Judge.

The facts are stated in the opinion of the court.

B. P. Welch, and J. R. Jaffray, for Appellants.

Thos. O. Toland, and Cedric E. Johnson, for Respondent.

SHAW, J.—This case is within the appellate jurisdiction of the district court of appeal. Appeals were regularly taken to the district court of appeal of the second district by the defendants from the judgment and from an order refusing a new trial. Thereafter a document was filed in that court purporting to be a transcript on appeal and which the appellants claim is sufficient in that respect. Upon motion of the respondent the district court dismissed the appeal, holding that the document so filed did not constitute a transcript on appeal, and that no sufficient transcript had been filed within the time prescribed by the rules of this court. Upon petition this decision was set aside and the cause was transferred to the supreme court for further consideration.

The appellants filed a typewritten transcript consisting of a single copy and without serving a copy thereof upon the respondent. They claim the right to proceed in this manner under the provisions of sections 953a, 953b, and 953c of the Code of Civil Procedure. The facts concerning the matter and pertaining to this question are as follows: The judgment

was rendered on March 3, 1913, and entered on March 5, 1913. Within ten days after the entry of judgment the defendants filed a notice with the clerk requesting the preparation of a transcript as provided in section 953a, but they did not file any undertaking to pay the costs thereof as provided in section 953b. The clerk paid no further attention to this notice and did not require the stenographic reporter to make a transcript of the record in accordance with the provisions of section 953a. Thereupon the defendants proceeded under the old method of preparing transcripts, by proposing a statement of the case on motion for a new trial. This statement was duly settled by the judge of the court below and thereupon a motion for new trial was made and submitted to that court, and the same was denied. Upon the denial of this motion the defendants again filed with the clerk a request for the preparation of a transcript after the manner provided in 953a, but again failed to file any undertaking to pay the costs of such transcript, and again the clerk refused to require the reporter to make the same. Thereafter the defendants procured from the reporter a typewritten copy of the papers constituting the judgment-roll under the provisions of section 670 of the Code of Civil Procedure and also of the above mentioned statement of the case on motion for new trial and a copy of the order denying the said motion and of their notice of appeal. They also procured the judge of the superior court to certify to the correctness of the copy of the statement on motion for new trial and of the order denying said motion. These copies are those which they have filed as the transcript on appeal.

It will be observed that there was no effectual attempt to proceed under the provisions of section 953a. The clerk appears to have disregarded the request to have the transcript prepared, and in view of the failure of the defendants to file any undertaking to pay the costs thereof, we cannot say that he was not justified in so doing. No phonographic report of the trial or of the papers mentioned in the notice to the clerk was ever made or presented to the judge for his approval, or settled by him as that section requires. In determining the scope of these three sections they must be considered together. Section 953c declares that where "the appellant elects to avail himself of the provisions of the three (two?) preceding sections," the record prepared according

to those provisions shall be filed in the appellate court, and that in these cases, that is, where the appellant has so elected, "no transcript thereof need be printed," meaning thereby no transcript of such record. Section 953a makes elaborate provisions for the preparation of a reporter's transcript in lieu of a bill of exceptions, as a part of the judgment-roll, and for supplementing it with such other papers as may be necessary to present the points on appeal in cases for which there is no technical judgment-roll. This comprises its entire object, purpose and scope. This being so, the appellant cannot "elect to avail himself of" the section for other purposes, as, to avoid printing under the rules; he cannot use it where he does not want a bill of exceptions, nor anything in lieu of one, and there is a technical judgment-roll which he may print in the ordinary manner. In such a case the section serves no purpose and has no application. Inasmuch as the provision that the transcript need not be printed applies only where the appellant has availed himself of section 953a, and the latter section relates and applies only to cases where a reporter's transcript is prepared and settled, it follows that in cases where there is no substitute for the bill or reporter's transcript prepared, under that section, there is no statutory exemption from the necessity of printing the transcript, and the rules of the supreme court on the subject must prevail. The appellant did not follow section 953a, and therefore he must print the transcript and serve and file copies thereof in the manner provided by those rules.

It appears to be the theory of the appellant that these sections permit the filing of a typewritten record on appeal in all cases, including appeals from the judgment upon the judgment-roll alone, meaning by that term the papers constituting the judgment-roll as specified in section 670 of the Code of Civil Procedure. The foregoing analysis of the sections shows that this is not the case and that they have no application to such appeals. The appellant cannot avoid the rule requiring the record upon an appeal from the judgment-roll alone to be printed, by giving the clerk a notice, purporting to be within the terms of section 953a, to have the judgment-roll prepared as a typewritten record by the stenographic reporter. Section 953a does not apply to such a case. The case of *Knoch* v. *Haizlip,* 163 Cal. 20, [124 Pac. 997], is not contrary to this view. That case was not an

appeal upon the judgment-roll alone. It was the ordinary case of an appeal from the judgment and from an order denying a new trial presented upon a single transcript or record and requiring a review of the proceedings on the trial. The remark in the opinion that these sections may permit the use of a typewritten judgment-roll has no necessary application to an appeal upon the judgment-roll alone. The question here considered was not there involved.

It does not follow, however, that the appeal must be dismissed. The provisions of the sections mentioned have been the subject of much doubt, the language is obscure and has been frequently misunderstood. Until their meaning becomes well settled by decisions of the court, the better policy is to indulge in great liberality to avoid dismissals of appeals that may be meritorious. The form of transcripts, except as there prescribed, is wholly within the control of this court and is fixed by its rules. Where they have not been strictly followed, the court may, and often does, upon a sufficient showing, relieve a party from his default and allow a proper transcript to be filed. Good faith appears and there was no unreasonable delay in filing the document which was apparently believed to be a sufficient transcript. We think a sufficient excuse for the failure appears and that the ends of justice will be subserved by allowing the appellants to file printed copies of the transcript as provided by the rules of this court.

The motion to dismiss the appeal is denied and the appellants are allowed forty days from this time within which to serve and file printed copies of the transcript on appeal as provided in rules II and VII of this court.

Henshaw, J., Sloss, J., Lorigan, J., and Melvin, J., concurred.