[Civ. No. 2231.   Second Appellate District.—March 26, 1917.]

JOHN LAPIQUE, Appellant, v. EUGENE R. PLUMMER et al., Defendants; CATHERINE AGOURE, Respondent.

APPEAL—TYPEWRITTEN TRANSCRIPT—WHEN UNAUTHORIZED.—There is no authority, either in the rules of court or in the statutory provisions, for a transcript presented by a certified typewritten copy where the appeal is from the judgment upon the judgment-roll alone. Sections 953a, 953b, and 953c of the Code of Civil Procedure, as they were in August, 1914, when the transcript herein was filed, did not apply on such an appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Lewis R. Works, Judge.

The facts are stated in the opinion of the court.

John Lapique, *in pro. per.*, for Appellant.

O'Melveny, Stevens & Millikin, and Stuart O'Melveny, for Respondent.

THE COURT.—This is an appeal upon the judgment-roll from a judgment of dismissal of the action as to respondent Catherine Agoure as administratrix of the estate of Pierre Agoure, deceased, entered upon an order of court sustaining her demurrer to the second amended complaint, without leave to amend.

As stated, the appeal is upon the judgment-roll *alone,* a transcript of which is presented by a certified typewritten copy. No authority is found, either in the rules of the court or in the statutory provisions of the code, for this method of bringing up the record, where it consists solely and alone of the judgment-roll. In the cases there specified, sections 953a, 953b and 953c of the Code of Civil Procedure provide for the preparation, certification, and filing of phonographic reports and transcripts of records to be used on appeal; but these sections do not apply to the transcript where the appeal is from the judgment upon the judgment-roll alone. ''The provision that the transcript need not be printed applies only where the appellant has availed himself of section 953a, and the latter section relates and applies only to cases where a reporter's transcript is prepared and settled.'' (*Harpold* v. *Slocum,* 168 Cal. 364, [143 Pac. 609].) Hence, it follows that in cases where there is no substitute for the bill or reporter's transcript prepared under section 953a, there is no statutory exemption from the necessity of printing the transcript, as required by rule VII of the supreme court [160 Cal. xlvii, 119 Pac. xi] on the subject, which must prevail. For this reason, the appellant is not entitled to a hearing of the appeal, which should be and it is dismissed.

Our opinion is based upon the sections of the code as they were in August, 1914, when the transcript herein was filed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 24, 1917.