[Civ. No. 2224.   Second Appellate District.—June 8, 1917.]

## ANNA C. McKINNELL, Respondent, v. HETTIE HANSEN et al., Appellants.

APPEAL FROM JUDGMENT — ALTERNATIVE METHOD — JUDGMENT-ROLL — TYPEWRITTEN RECORD.—On an appeal taken from a judgment under the alternative method, it is not necessary under rule VII of the supreme court that the judgment-roll be printed, but the whole record on appeal, including the judgment-roll, may be typewritten.

ID.—PORTIONS OF RECORD RELIED UPON — INSUFFICIENT RECORD — AFFIRMANCE OF JUDGMENT.—Where an appeal is taken from a judgment under the alternative method, and the appellant fails to print in his brief or in a supplement appended thereto any portion of

the judgment-roll, or a sufficient portion of the evidence to enable the court to determine the merits of the principal contention of the insufficiency of the evidence to justify the findings, the judgment will be affirmed.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge.

The facts are stated in the opinion of the court.

Henry J. Bischoff, for Appellants.

Lester D. Welch, for Respondent.

CONREY, P. J.—The attorney for appellants opens his brief with the statement that this is an appeal from a judgment denying the relief prayed for in the cross-complaint of appellants. He says that the cross-complaint alleged that the property described therein was the community property of appellants, and that appellant Hettie Hansen executed deeds thereof to the respondent; that appellants asked to have the deeds set aside and canceled, or that the respondent be declared a constructive trustee for appellants on certain grounds stated. The brief then proceeds to argue the following propositions: (1) That the finding that Hettie Hansen did not execute the deeds because of fear of arrest or immunity from arrest is not justified by the evidence. (2) That the finding that respondent did not have actual notice that the property was the community property of Hettie Hansen and H. P. Hansen is not supported by the evidence. (3) That there is no finding of fact, nor does the evidence justify the finding, that respondent was an encumbrancer in good faith and for a valuable consideration, as provided in section 164 of the Civil Code. (4) That the burden of proof is on the respondent to show that she is an encumbrancer in good faith. (5) That appellants are not estopped to assert that the property is community property. (6) That the finding that the consideration consisted of a prior existing indebtedness and additional advances of money at the time of the execution of said deeds is not justified by the evidence. Within the argument on the first proposition the point is presented that the trial court erred in refusing to admit certain offered testimony to which objections made by respondent were sustained by

that court. The foregoing is a complete outline of the points presented for consideration here.

The typewritten transcripts, being a ''Clerk's Transcript on Appeal,'' certified by the clerk of the superior court, and a ''Reporter's Transcript'' approved by the judge, are the only papers on file herein, except appellants' brief. Section 950 of the Code of Civil Procedure provides, among other things, that on appeal from a final judgment the appellant must furnish the court with a copy of the judgment-roll. Section 953 of the Code of Civil Procedure provides that the copy of the judgment-roll must be certified to be correct by the clerk or the attorneys. These requirements have stood unchanged in the code since 1874, although some other phraseology of section 950 was amended in 1915 (nearly a year after the transcripts in the case were filed). In 1907 sections 953a, 953b, and 953c of the Code of Civil Procedure were enacted. They provide for what is called the alternative method of preparing a record on appeal. This alternative method was designed to apply to a record made on the trial of an action or of some proceeding in an action. Thereby the appealing party is allowed to require that the stenographic reporter prepare a transcript of his phonographic report of the trial, in cases where there was such a report. After notice is prescribed, the transcript is settled and allowed by the judge. Thereupon it shall ''become a portion of the judgment-roll and may be considered on appeal in lieu of the bill of exceptions now provided for by law.'' Sections 953a, 953b, and 953c do not contain any provisions which modify the force or effect of sections 950 and 953 of the Code of Civil Procedure, or the rules of practice thereunder, on an appeal from a judgment.

Rule VII of the supreme court, as in force in 1907 and long prior thereto, provided that all transcripts of record must be printed in the manner there stated. Thereafter, rule VII was modified, by excepting from its operation criminal cases and civil cases coming under the provisions of section 953a of the Code of Civil Procedure. (160 Cal. xlvii, 119 Pac. xi.) It remains true now, just as it was prior to the enactment of sections 953a, 953b, and 953c, that a judgment-roll prepared as required by section 950 of the Code of Civil Procedure, and its correctness certified by the clerk or attorneys as required by section 953 of the Code of Civil Procedure, must be printed as required by rule VII. Section 953c says of the

record prepared in accordance with sections 953a and 953b, *"Said record* shall be filed with the clerk of the court to which the appeal is taken and no transcript thereof need be printed. In filing briefs on said appeal the parties must, however, print in their briefs, or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court." The typewritten "Clerk's Transcript" filed herein is plainly not the record prescribed in the foregoing quotation, and since it is not printed it cannot be considered. Without it, this court does not know what were the issues and does not know what were the findings in the court below. If it be objected that this is a technical ruling, the answer must be that the law may be technical, as all laws or rules of practice are in a sense technical, but that the ruling in this case is not so. We are not here construing doubtful phrases. We are enforcing a long-established rule of practice, well known to the profession, which has been in force for many years and which this court is not authorized to repeal or ignore.

But even if we were to accept the clerk's transcript of the judgment-roll upon the assumption that it is properly before the court, appellants' case would not be very much improved thereby. Counsel for appellants have not printed in their brief or in any supplement appended thereto any portion of the judgment-roll, nor have they printed therein a sufficient portion of the evidence to enable the court to determine the merits of the objections urged in their argument. As above noted, their principal points relate to claimed insufficiency of the evidence to justify certain findings of fact. Out of the reporter's transcript of more than 150 pages, they have quoted in their brief not more than five pages of testimony. These excerpts from the testimony are connected together by narrative statements related by counsel which show on their face (and counsel asserts nothing to the contrary) that the record contains much testimony other than that quoted in the brief, relating to the findings in question. Therefore, we are not left in a position where we are able to assume that the quotations in the brief are complete as to the points argued, or to say that the record does not contain the evidence necessary to sustain the findings of fact. The situation is much like that in *Pasadena Realty Co.* v. *Clune, ante,* p. 33, [166 Pac. 1025], wherein we said: "In order to ascertain whether there

is merit in the contentions of appellant, the court would be compelled to examine the typewritten transcript and look therein for the testimony and copies of the documents relied upon, instead of in the brief of appellant, where such testimony and records should have been printed. This the court is not required to do. (*Marcucci* v. *Vowinckel,* 164 Cal. 693, [130 Pac. 430]; *Wills* v. *Woolner,* 21 Cal. App. 528, [132 Pac. 283]; *Miller* v. *Oliver,* 174 Cal. 407, [163 Pac. 357].)''

The judgment is affirmed.

Works, J., *pro tem.,* concurred.

JAMES, J., Concurring.—I concur in the judgment. I am not prepared to agree, however, with the conclusion announced by the presiding justice that on an appeal under the alternative method, to wit, under the provisions of section 953a of the Code of Civil Procedure, it is necessary that the judgment-roll shall be printed. It does seem clear under that section, however, that the judgment-roll should be made a part of the transcript which is certified to by the trial judge. However, as to the printing of the judgment-roll, I gather that our supreme court has taken the view that section 953a does not contemplate that the roll shall be presented in printed form, but that the same may be typewritten. I refer to subdivision 2 of Rule VII, prescribing the form of transcripts which are to be presented under the so-called alternative method. In that part of the rule to which attention is directed the court has declared that transcripts on appeal prepared under the method referred to ''must be typewritten and the paper and the backs for binding the same must not exceed ten inches in length and eight inches in width. . . . The papers constituting the ordinary judgment-roll, are here designated as the 'Clerk's Transcript,' and the certified transcriptions of the phonographic reporter's notes . . . are here designated as the 'Reporter's Transcript.' '' Neither by the statute nor rule of court is a party excused from printing in his brief such portions of the ''record,'' which includes both the clerk's and the reporter's transcripts, as he may desire to call to the attention of the appellate court. As we have heretofore had occasion to suggest, the so-called alternative method is most unsatisfactory in practice, and we have been unable to per-

ceive how under that method any expense is saved to the litigants, or that the court or the attorneys are thereunder relieved of any labor. Multiplying methods under which appeals may be taken can conduce only to confusion in the practice and produce results which in no wise aid in the administration of justice.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 4, 1917, and the following opinion then rendered thereon:

THE COURT.—In denying the application for a hearing in this court after decision by the district court of appeal of the second appellate district, we deem it proper to say that we do so solely upon the second ground for affirmance stated in the opinion of Mr. Presiding Justice Conrey.

We do not concur as to the first ground. Rule VII of this court has never been considered by this court as requiring a printed transcript where the record on appeal is made up under the provision of section 953a et seq., of the Code of Civil Procedure. It is the settled construction of that rule that in any civil case in which a record on appeal is authorized to be prepared under those sections, the case is a civil case "coming under the provisions of section 953a" within the meaning of the rule, and that under the express terms of the rule (subdivisions 1 and 2), the whole record on appeal, including the judgment-roll, may be typewritten. Such has been the invariable practice. Prior to the amendment of section 953a in 1915, it was held that when the appeal was on the judgment-roll alone, no record on appeal could be prepared thereunder, but it is settled by decisions made since the amendment that the effect thereof is to authorize a record thereunder even when the appeal is on the judgment-roll alone, with the consequent right to a typewritten record thereof.

The application for a hearing in this court is denied.