[Civ. No. 1813.   Second Appellate District.—June 26, 1917.]

## WALTER A. EMMETT, Jr., Respondent, v. W. H. COONS, Appellant.

APPEAL FROM JUDGMENT—ALTERNATIVE METHOD—TYPEWRITTEN RECORD OF JUDGMENT-ROLL.—Upon an appeal taken from a judgment under the alternative method, it is not required that the judgment-roll be printed, but the same may be typewritten.

ID. — NOVATION — RELEASE OF ORIGINAL DEBTOR. — A release of the original debtor is essential to a contract of novation.

ID.—SUFFICIENCY OF EVIDENCE.—In this action to recover upon an alleged agreement of novation, it is held that from the record as presented it cannot be said that the finding of a release of the original debtor is not supported by the evidence.

APPEAL from a judgment of the Superior Court of Kern County.   Howard A. Peairs, Judge.

The facts are stated in the opinion of the court.

H. H. Bell, and E. F. Brittan, for Appellant.

E. L. Foster, and Chas. A. Barnhart, for Respondent.

CONREY, P. J.—The defendant appeals from the judgment and contends that the judgment should be reversed on grounds of insufficiency of the evidence to support the findings.

The only records filed herein are a typewritten reporter's transcript settled and allowed by the judge, and the typewritten clerk's transcript certified by the clerk of the court below. The judgment-roll has not been printed and it is not before the court in the form required by law.   (*McKinnell* v. *Hansen, ante,* p. 76, [167 Pac. 887].)   By assuming the existence of the record as counsel assume it in their argument, we learn that the action was brought by the plaintiff as assignee of several creditors of Warren Barnes against the defendant Coons under an alleged agreement of novation whereby Coons was substituted as debtor instead of Barnes.   It is conceded that there was no agreement in writing, and it is claimed by appellant that the evidence failed to show a release of Barnes by his original creditors.   Such release would be necessary to make a novation substituting a new debtor.   (Civ. Code, sec. 1531, subd. 2; sec. 2794, subd. 3.)

Counsel for appellant in their brief have quoted some portions of the testimony and thereby have attracted our attention to "such portions of the record as they desire to call to the attention of the court."   (Code Civ. Proc., sec. 953c.)   It may be conceded that the testimony quoted does not show any release of the original debtor by his creditors.   This, however, does not enable us to say that there is no such evidence, when we observe also by reading the same brief that there was other evidence on the subject which they did not quote. Thus they refer us to the testimony of Warren Barnes and

assure us that it fails to show that he was released by the creditors. They tell us that this testimony commences on page 81 of the transcript, but their quotations give only certain parts of pages 100 to 103. They do not tell us that these quotations are the only portions of the testimony of Barnes bearing upon the question argued. Again, they tell us that the testimony introduced by the defendant is in contradiction to that offered by the plaintiff. Then, instead of quoting the testimony on which they rely, they give us a statement of counsel for appellant purporting to outline what the testimony of the defendant's witnesses "shows." This is one of those numerous cases in which the supreme court and the courts of appeal are asked to waste their time in digging through records not presented as required by law, in order to reverse judgments. With hundreds of cases waiting for decision, the interests of justice do not demand, and it scarcely can be said that those interests permit, us to delay the decision of the cases in waiting while we make up statements and attempt to analyze records that are not properly presented. In this case there has been a more extensive quotation of evidence by counsel for respondent, who deemed it not safe to rely upon the fact that the record was not sufficiently presented on the other side. From the evidence quoted in the brief for respondent, we learn that there were meetings of creditors of Barnes, at one or more of which meetings the defendant Coons was present. The witnesses failed to give the names of all the creditors who were present, but apparently there were more than the number whose assigned claims are represented by the plaintiff in this action. Counsel admit that it was stipulated that the amounts of the claims as set forth in the complaint are not in question. One of the witnesses testified that "it was finally agreed by everybody present that they would accept twenty per cent reduction, and accept Mr. Coons' proposition and look to Mr. Coons for their money." In one instance a suit which had been commenced against Barnes was, in accordance with that agreement, dismissed, and in other instances the creditors transferred their accounts to the name of Coons. While the testimony thus developed by the brief of respondent might well be more definite in some details, it does tend to support the finding which counsel have chosen to discuss, and we are unable to say that the findings are not supported by the evidence.

We have discussed the principal proposition upon which appellant relies for a reversal. The other propositions referred to in the brief are subsidiary to the principal one and as presented are not sufficient to sustain the appeal.

The judgment is affirmed.

James, J., and Works, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 25, 1917, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 23, 1917, and the following opinion then rendered thereon:

THE COURT.—In denying the application for a hearing in this court, we deem it proper to say that we disapprove the statement in the opinion that because the judgment-roll was not printed, "it is not before the court in the form required by law." We have already expressed our view on this question, in denying a hearing in this court of the case of *McKinnell* v. *Hansen, ante,* p. 76, [167 Pac. 887], referred to in the opinion. The opinion, however, shows that in deciding the case the court did assume the existence of a proper record of the judgment-roll.