[S. F. No. 10220. In Bank.—June 8, 1922.]

## T. H. RAMSAY, Respondent, v. ELIZABETH A. RODGERS et al., Appellants.

[1] APPEAL—JUDGMENT—TYPEWRITTEN TRANSCRIPT OF JUDGMENT-ROLL. Under the amendment of 1915 to section 953a of the Code of Civil Procedure, an appeal from a judgment may be presented on a typewritten transcript of the judgment-roll, certified by the clerk, where an attempt has been made to proceed under such section and the appellant has failed to procure the reporter's transcript of the proceedings and the evidence at the trial.

MOTION to dismiss appeal from a judgment. Denied.

The facts are stated in the opinion of the court.

John E. Bennett for Appellants.

Creed, Jones & Dall for Respondent.

SHAW, C. J.—The respondent moves to dismiss the appeal on the ground that no transcript, prepared and authenticated as required by law, has been filed within the time allowed by the rules of this court.

Prior to the filing of the notice of motion to dismiss the appeal the appellants had procured from the clerk of the superior court and had filed in this court a transcript of the papers included in the judgment-roll, duly certified by the clerk of said superior court. We are of the opinion that under the rules of court and the law as they now exist this is a sufficient compliance with the law and with our rules. Section 950 of the Code of Civil Procedure provides that on appeal from a final judgment the appellant must furnish the court with a copy of the notice of appeal, the judgment-roll, and any bill of exceptions upon which he relies. Section 953 provides that the copies provided for in section 950 must be certified to be correct by the clerk or the attorneys. A certificate of the clerk is, therefore, a sufficient authentication. Our rules require the printing of the judgment-roll, except when it is prepared under section 953a. Section 953a, as amended in 1915, provides that any person desiring to appeal from any judgment may, in lieu of a bill of exceptions, "or for the purpose of presenting a record on appeal from any appealable judgment or order, or for the purpose of having reviewed any matter or order reviewable on appeal from final judgment," procure a transcript of the proceedings had at the trial, to be made up by the official reporter, and to be settled and authenticated by the judge of the superior court, and that when so settled and allowed such transcript shall "become a portion of the judgment-roll." The portions of the section first quoted authorizes a record under the provisions of section 953a for the purpose of presenting an appeal from the judgment. The judgment-roll alone is a sufficient record for the review of all rulings which appear thereon and of the sufficiency of the pleadings and findings to support the judgment. Section 953c provides that on appeals from judgments, if the appellant avails himself of the provisions of section 953a, the clerk, within ten days after the preparation of the record, must transmit it to the court to which the appeal is

taken, and that no transcript thereof need be printed. It will be observed that section 953a does not require the judge of the superior court to settle and certify the judgment-roll, nor does it require the official reporter to make a typewritten record thereof in pursuance of the notice to be given thereunder. His transcript includes only the testimony offered or taken, evidence offered or received, and the rulings and other proceedings on the trial, but does not include the pleadings, finding, or judgment. The preparation and certification of those documents are not provided for, but are to be prepared in accordance with section 950 and certified in accordance with section 953. Section 953c, however, provides that on appeals from judgments and other appealable orders when the record is prepared under section 953a it must be filed and need not be printed. In the present case the appellants proceeded under section 953a, but failed to procure a reporter's transcript, and succeeded only in getting the clerk's transcript of the judgment-roll. Formerly, under section 953a before it was amended so as to include the passage first above quoted, it had been decided that a judgment-roll alone could not, under our rule, be presented in .typewriting. (*Harpold* v. *Slocum,* 168 Cal. 364 [143 Pac. 609]; *Lapique* v. *Plummer,* 33 Cal. App. 317 [165 Pac. 56].) [1] We think that by fair intendment the code as it now stands allows the filing of a typewritten transcript of the judgment in cases where an attempt has been made to proceed under section 953a and the appellant has failed to procure the reporter's transcript of the proceedings and evidence at the trial, and that the former decisions do not apply to the present rules and statute. Such has been the consistent practice ever since the amendment of section 953a in 1915. The point was expressly so decided by this court in denying a petition for rehearing after the decision of the district court of appeal in *McKinnell* v. *Hanson,* 34 Cal. App. 76, 81 [167 Pac. 887], where we held that under rule VII, subdivision 2, an appeal on the judgment-roll, prepared under section 953a, may be presented on a typewritten transcript. (See, also, *Beckett* v. *Stuart,* 35 Cal. App. 797 [171 Pac. 107].)

The filing of the typewritten record in the present case prior to the giving of the notice to dismiss the appeal re-

moves the ground upon which the notice to dismiss is founded.

The motion to dismiss the appeal is denied.

Lawlor, J., Lennon, J., Sloane, J., Shurtleff, J., Wilbur, J., and Waste, J., concurred.