[S. F. No. 12495.   In Bank.—October 18, 1927.]

ANDREW DAHLBERG, Appellant, v. EMMA DAHL-
BERG, Respondent.

[1] APPEAL—ALTERNATIVE METHOD—RECORD—BRIEFS.—Upon an appeal
from a judgment by the alternative method, where appellant has
not in his brief, nor in any supplement thereto, printed or set
forth any of the pleadings, findings, judgment, or evidence of-
fered in support of his claim that the judgment was erroneously
rendered, there is no record from which the court on appeal can
determine that there was error committed, and a motion for
affirmance of the judgment will be granted.

[2] ID.—BELATED OFFER TO FURNISH RECORD.—The belated offer of
an appellant, made at the hearing of a motion for affirmance of
judgment, to print in a supplemental brief and file certain
portions of the record as the court on appeal might deem necessary
to the proper presentation of his appeal does not merit the denial
of said motion.

---

(1) 3 **C. J.**, p. 1409, n. 26; 4 **C. J.**, p. 1133, n. 14.   (2) **3 C. J.**,
p. 1435, n. 52.

MOTION to affirm judgment on an appeal from a judg-
ment of the Superior Court of the City and County of
San Francisco. Pat R. Parker, Judge Presiding. Motion
granted.

The facts are stated in the opinion of the court.

Wal J. Tuska and Herbert Chamberlin for Appellant.

Gerald C. Halsey and Frederic T. Leo for Respondent.

THE COURT.—Motion to affirm judgment on the ground
of the failure of appellant to print or set forth in his brief
or any supplement thereto, in accordance with the require-
ments of section 953c of the Code of Civil Procedure, any
part of the record herein sufficient to justify a reversal of
said judgment. The action was instituted for the purpose
of canceling two certain deeds of conveyance of real property
whereby plaintiff purported to convey to defendant an un-

---

1.   See 2 Cal. Jur. 643–649.

divided one-half of three certain parcels of land and also for the purpose of canceling a judgment of partition based upon said deeds. By the terms of said judgment one of said tracts of land was awarded to defendant herein and the two other tracts were awarded to plaintiff herein subject to a lien thereon of $11,497.05 in favor of the defendant herein. In appellant's brief he claims ''That by mutual mistakes of fact on the part of the attorneys for the respective parties in the partition suit, by the referees appointed by the court and by the court an erroneous estimate of values was made and considered and, based thereon, an erroneous judgment was entered in the partition proceedings to the detriment of appellant.'' [1] Yet appellant has not in his brief nor in any supplement thereto printed or set forth any of the pleadings in this action nor the findings nor judgment of the court herein, nor any of the evidence offered by plaintiff in support of his claim that said judgment in the partition action was erroneously rendered by reason of said mutual mistakes. The record before us, therefore, fails to show any error on the part of the trial court in rendering judgment against appellant upon the ground just stated.

Again, the appellant in his brief contends that the judgment in the partition suit was procured through the fraud of the attorneys in conspiring and colluding with the attorneys for respondent in said action to have the final decree of partition entered in the form in which it was entered without consultation with appellant, and that his said attorneys conspired and colluded with the attorneys of respondent to have said final decree become a finality by entering into a stipulation with respondent's attorneys without notice to appellant and without his knowledge or consent, whereby appellant's right to move for a new trial and his right to appeal from said judgment were waived. The appellant has not printed in his brief nor in any supplement thereto any evidence whatever in support of his contention that the decree of partition in the form in which it was entered was rendered through the connivance and collusion of his attorneys with those of the respondent. A brief skeleton of the evidence of appellant, as a witness in the case, tending to show that plaintiff's counsel in the partition action acted without appellant's knowledge or consent in

waiving his right to move for a new trial and to appeal
appears in the printed brief. This is followed by a state-
ment that an examination of the record discloses that neither
of appellant's attorneys in the partition suit was called.to
the witness-stand to contradict the appellant. This "rec-
ord," however, is not printed in appellant's brief nor in any
supplement thereto, and is, therefore, not before us for our
examination. We are unable to say, therefore, that any
error was committed by the trial court in the rendition of
said judgment. As was said by this court in the case of
*Scott* v. *Hollywood Park Co.,* 176 Cal. 680, 681 [169 Pac.
379], "Neither in his brief nor in supplement thereto is there
anything to indicate what relief was sought by the action,
nor is there anything printed in the brief indicating the
nature of the judgment which appellant says was erroneously
rendered. All presumptions indulged in are in favor of the
regularity of the judgment and proceedings upon which it
is based, hence it devolves upon an appellant to affirmatively
show the existence of the error upon which he asks for a
reversal." See, also, *Estate of McPhee,* 156 Cal. 335 [Ann.
Cas. 1913E, 899, 104 Pac. 455] ; *Marcucci* v. *Vowinckel,* 164
Cal. 693 [130 Pac. 430] ; *McKinnell* v. *Hansen,* 34 Cal. App.
76 [167 Pac. 887] ; *Miller* v. *Oliver,* 174 Cal. 407 [163 Pac.
357] ; *Estate of Berry,* 195 Cal. 354 [233 Pac. 330]. In
*Estate of Berry, supra,* at page 359 thereof, this court said :
"The result is not only that it was the plain duty of appel-
lants to print in their brief or in the supplement thereto
all portions of the record necessary to be considered by this
court before arriving at a conclusion that the judgment
should be reversed, but also that because of their failure so
to do, this court would be fully justified in affirming the
judgment appealed from without further consideration of
the record. Appellants seem to believe that they have per-
formed their duty fully in this respect when they have
printed the portions of the evidence upon which they rely.
They overlook the fact that in order to determine whether
or not the evidence is sufficient to sustain a given finding,
we must have before us not only the evidence but also the
finding. If we had the finding before us and should con-
clude that the evidence was insufficient to support it, we
still could not determine whether or not such finding was
essential to support the judgment unless we had before us

the pleadings or at least an accurate statement of the issues framed thereby.''

We are reluctant to dismiss an appeal on any mere technical rule of procedure and thereby deny to appellant the right to have his case decided upon its merits, but the above cited section of the code has been in full force and effect since the year 1907, excepting during the years of 1919 to 1923. This court has repeatedly called the attention of the profession to the mandatory character of its provisions by affirming judgments appealed from when the appealing party has failed to comply with its requirements. It now seems that the rule of procedure thus enunciated has become so firmly established and so often reiterated by this court and the district courts of appeal that there is little excuse for anyone to fail to comply with its terms. In the very recent case of *Jeffords* v. *Young,* 197 Cal. 224, 229 [239 Pac. 1054, 1056], we had occasion to consider the effect of the failure to comply with this section of the code and on that occasion expressed our views as follows: ''Not a word of the pleadings, findings, judgment, order, or testimony is to be found in appellants' brief, as is expressly required by section 953c of the Code of Civil Procedure. It has been reiterated approximately one hundred times in the decisions of this court and of the district courts of appeal that it is incumbent upon an appellant who relies upon a typewritten transcript to print in his brief or in a printed supplement thereto sufficient of the record to justify a reversal of the judgment or order appealed from. (2 Cal. Jur. 643 et seq.) Furthermore, as we pointed out some months ago (*Estate of Berry,* 195 Cal. 354 [233 Pac. 330]), since the 1923 amendment to the section last cited, an appellant who fails to do this incurs thereby the risk that the order or judgment appealed from may be affirmed upon motion.''

[2] The belated offer of appellant, made at the hearing of this motion, to print in a supplemental brief and file herein certain portions of the record as this court might deem necessary to the proper presentation of his appeal does not, in our opinion, merit a denial of said motion. Such a procedure would cast upon this court the burden of a laborious examination of the typewritten transcript filed herein in order to enable us to determine the portions

thereof necessary to be printed in such supplement. This labor properly belongs to the appellant and should have been performed by him previous to the filing of his brief and the necessary portions of said record set forth therein. We are therefore of the opinion that the motion of the respondent should be granted.

The judgment appealed from is affirmed.

Rehearing denied.