[Civ. No. 5042. Third Appellate District.—March 1, 1934.]

M. DALLAS, Respondent, v. KNOX–POWELL STOCKTON COMPANY, INC., LTD. (a Corporation), Appellant.

M. Tellefson and Libby & Sherwin for Appellant.

Moote & Longcroft and Charles Richardson for Respondent.

PARKER, J., *pro tem.*—This is an action wherein and whereby plaintiff seeks to have his rights declared under the terms of a written contract. The plaintiff is the assignee of the original party to the contract and rather than constantly refer to the nominal plaintiff we will use the term "plaintiff" throughout as meaning the assignor, inasmuch as no point is presented regarding the assignment.

We find it unnecessary to detail the pleadings further than to state that the complaint measures up to the requirements of the statute authorizing an action seeking declaratory relief. The contract presented for construction is in the following words:

"This agreement, made between Al Eyraud and Knox Powell Stockton Company, Ltd., this 8th day of July, 1930, witnesseth:

"Whereas, Knox Powell Stockton Company, Ltd., is contemplating taking over and/or drilling certain leases or drilling sites in the Venice Del Rey oil field, Los Angeles County, California, in connection with or through W. G. Davis, and selling per cents or units therein,

"Now, therefore, for a valuable consideration, receipt of which is hereby acknowledged, it is agreed between the above parties as follows:

"Knox Powell Stockton Company, Ltd., agrees to pay and/or deliver or assign to Al Eyraud ten (10%) per cent of the value of all oil or gas or royalties, or money received from sales contracts, received by said company from any leases or drilling sites in said Venice Del Rey oil field, secured through or in connection with W. G. Davis. It is understood that said ten (10%) per cent is only to be paid to said Al Eyraud after said Knox Powell Stockton Company, Ltd., has received a commission of twenty (20%) per cent of the sale of units, royalties or per cents.

"In witness whereof," etc.

The present plaintiff is the assignee of Al Eyraud, so that the term "plaintiff", as hereinbefore suggested, as used hereinafter will designate Eyraud.

Upon issue joined and in response thereto the trial court found that the contract was duly entered into for a valuable consideration and that there was no fraud, misrepresentation or mistake in the negotiations or in the contract.

The court further found that the defendant had certain transactions with W. G. Davis, the party named in the contract and as a result thereof took over drilling sites and leases which were within the terms of the contract between plaintiff and defendant. It is further found that a dispute had arisen between the parties to the contract as to the construction thereof and the rights of the respective parties thereunder, as well as to the validity of the contract.

The trial court thereupon determined as a matter of law that the contract was binding and enforceable; that the plaintiff was entitled to receive ten per cent of the value of all oil or gas produced or to be produced in the wells described and all royalties received in connection therewith as well as ten per cent of the moneys received by defendant from sales contracts or sales of the wells described, or of the leases on or the property used upon the lands on which the wells are located.

Likewise it was determined that the wells described were and each of them was upon lands and leases secured by defendant through and in connection with W. G. Davis within the meaning of the contract. By its judgment the court further decreed as follows:

"That the following portion of said contract was intended to mean and is to be interpreted as a statement of an exception to the proceeds of the enterprise of which Al Eyraud was to receive ten per cent (10%); that it was not intended as a condition precedent, and that plaintiff was not entitled to any portion of said twenty per cent (20%), nor is defendant entitled to credit for any portion thereof which it may not have received.

" 'It is understood that said ten (10%) per cent is only to be paid to said Al Eyraud after said Knox Powell Stockton Company, Ltd., has received a commission of twenty (20%) per cent for the sale of units, royalties or per cents.' "

This portion of the judgment is quoted *verbatim* and may be termed the commission construction and will be hereinafter discussed.

The appeal is presented under what has been termed the alternative method. The brief of appellant neither presents nor refers to the transcript of the evidence excepting in meager and unsatisfactory insertions of random bits of evidence grouped under the heading of "Supplement." The

appeal would well come within the rule as announced in *Dahlberg* v. *Dahlberg*, 202 Cal. 295 [260 Pac. 290], that upon an appeal from a judgment by the alternative method, where appellant has not in his brief, nor in any supplement thereto, printed or set forth any of the pleadings, findings, judgment or evidence offered in support of his claim that the judgment was erroneously rendered, there is no record from which the court on appeal can determine that there was error committed. Notwithstanding, we will take up the points of the appeal as presented by appellant.

■ The first point urged is that the conclusions of law and the judgment are not supported by the findings. This branch of the appeal is again subdivided into two subheadings listed as "(a)" and "(b)", detailed as follows:

"(a). There was no allegation in the complaint and no proof to show that defendant had secured lease, etc., through or in connection with W. G. Davis, or had received a commission of twenty per cent for the 'sale of units, royalties or per cents' as provided in the contract, and there is, therefore, nothing whatsoever due under the contract until such commission is received.

"(b). Plaintiff simply offered the contract in evidence and rested and offered no evidence to interpret the contract or to support any portion of the prayer of the complaint and there is in the record no evidence interpreting the contract or justifying the findings and judgment."

In amplifying the first subdivision appellant sets out alleged paragraphs of the complaint, from a fair reading of which it can be readily seen that the complaint did contain allegations alleged by appellant to be missing. ■ Then on the question of the evidence the language of appellant is to the effect that it challenges respondent to present the evidence. This is rightfully a burden that belongs upon appellant, and if there were no evidence sufficient to support the finding then the evidence adduced should be presented to the end that its insufficiency could be made to appear. However, respondent accepted the challenge. In addition to respondent's effort we have read through the transcript of testimony and find that there was ample evidence to support the finding on the point presented by appellant. On a review, such as this, but scant evidence is

required and such evidence has the support of every legitimate inference that may be drawn therefrom.

On the second subdivision we consider the point immaterial as to the source of the proof. True, the plaintiff in the court below did but present the contract and rest. Thereafter the defendant presented fully all of the facts surrounding the execution of the contract, etc., and the plaintiff in rebuttal presented his side of the controversy and the trial went through rebuttal and surrebuttal to the end that the controversy was most fully opened up.

■ Point two of appellant contains numerous alphabetical subheadings and these will be taken up in order.

(a) Plaintiff was acting as agent for both contracting parties without the knowledge of either and therefore was entitled to no compensation from either.

This contention rests upon the rule as announced in *Glenn* v. *Rice,* 174 Cal. 269 [162 Pac. 1020], and the later cases following the same rule. Appellant presents us with brief excerpts from the testimony to lay a sufficient factual structure upon which to apply the rule. However, the trial court found to the contrary and the finding has abundant support in the evidence, which we deem useless to quote.

■ (b) No consideration for the contract in that plaintiff was already acting as agent for Davis and in placing him with the defendant company plaintiff was doing no more than he already was obliged to do. Here again the testimony refutes the contention.

(c) The contract is invalid under section 1045 of the Civil Code, in seeking to transfer a mere possibility not coupled with an interest. In support of this contention, appellant cites us to authority holding that the salary of a public officer, which salary is yet unearned, cannot be assigned. The case has no application here. A complete answer to appellant's argument may be found in the case of *Cox* v. *Hughes,* 10 Cal. App. 553 [102 Pac. 956].

(d) The contract is invalid for the reason that plaintiff was operating an employment agency within the meaning of Act 2349, General Laws, without a license. Nothing in the record or in the transcript lends aid to this contention and appellant itself does not seem to consider it serious enough to do other than make the bare statement that such is the case.

■ The last contention is that the trial court erred in denying defendant's motion for a new trial.

It appears from the record before us that the present plaintiff had brought separate suit to recover against Davis on a contract with the latter involving practically the same subject matter. While the cases were not consolidated, the Davis case was tried and when the present case came for trial it was stipulated that this case be determined upon the evidence adduced in the Davis case. The contention is now made that the findings and judgment in the Davis case were different from and in direct conflict with the findings and judgment in the instant case. This seems to be appellant's main argument on the motion for a new trial.

We find no merit in the claim. There may be a thousand different reasons operating in the mind of the trial judge, any one of which might suffice. No motion for a new trial was made in the Davis case and that judgment became final, but was only binding on the parties thereto. However, without going into the more occult sciences, we note that here again the record fails us. We have no way of ascertaining either from the briefs or from the transcript what the findings were in the Davis case. This seems to be due to the mechanics of preparation in that several pages are omitted and the proffered record has no sequence. Did we deem it of sufficient import we would be inclined to permit the record to be corrected in this respect.

■ Lastly, it is urged that the portion of the judgment hereinbefore referred to as commission construction is ambiguous and meaningless. While the evidence is not presented to us on argument and appellant satisfied itself with the bald statement that the construction is unintelligible we have no difficulty in construing this provision as decreed by the court.

Again, and perhaps we over-emphasize this point, we are pointed to none of the testimony presented to the trial court in aid of its construction of the contract. But as to its intelligibility it shows a determination that the clause relating to commissions was to apply only to earned commission; that the defendant was not entitled to subtract twenty per cent of the proceeds as a condition precedent to plaintiff's right, but that such an amount was to be allowed defendant only on units or per cents where and when such commission had

been earned. In other words, if defendant should make a net sale without commission the actual transaction should be reflected in an accounting.

The judgment is affirmed.

Thompson, J., and Plummer, Acting P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 30, 1934.