[Sac. No. 5234. In Bank.—October 4, 1938.]

FRED CHARLES et al., Appellants, v. CITY OF CRESCENT CITY (a Municipal Corporation) et al., Respondents.

G. H. Van Harvey, John L. Childs and C. A. Degnan for Appellants.

T. F. Peterson for Respondents.

WASTE, C. J.—Motion to dismiss appeal.

This action was commenced by plaintiffs, suing as taxpayers and owners of real property in defendant city, for the purpose of having certain assessments and tax levies for the year 1931–1932 declared irregular and void, and to enjoin the city and its officers from executing or accepting deeds to certain real property, belonging to these plaintiffs and others, and from selling the same.

Defendants filed a general demurrer and a motion to strike certain parts of the complaint. The motion to strike was not acted upon. The demurrer was overruled with permission granted to plaintiffs, at their request, to file an amended complaint, and a preliminary injunction was ordered to issue upon bond in the sum of $2,000.

To the amended complaint demurrers, both general and special, were interposed.

On December 20, 1937, the trial judge filed his "Ruling of the Court" sustaining demurrers, without leave to amend, and dissolving the preliminary injunction.

A judgment of dismissal, based upon the above order and dated December 23, 1937, was entered December 28, 1937. A further order, reciting inadvertence of the court, and dated December 28, 1937, was filed and entered as part of the original judgment on December 30, 1937. This order of December 30th provided that, if an appeal from the judgment of December 28th were properly and duly taken by plaintiffs, the preliminary injunction theretofore issued should continue in force *pendente lite;* otherwise, if no appeal were taken, the preliminary injunction to be finally and perpetually dissolved.

On December 31, 1937, plaintiffs filed their notice of appeal from the order sustaining demurrers without leave to amend, and from the judgment of dismissal, save and except that part thereof continuing in effect the injunction *pendente lite.*

A notice to the clerk, pursuant to the provisions of section 953a, Code of Civil Procedure, demanding the preparation of transcript, was filed March 15, 1938. The typed clerk's transcript, properly certified by the clerk, was filed herein on May 6, 1938.

On June 15, 1938, respondents filed this notice of motion to dismiss appeal. Appellants filed their opposition thereto

on July 2, 1938. By stipulation of the parties the matter was submitted, without argument, on July 5, 1938.

The sole ground upon which a dismissal is sought is the failure of appellants to file a *printed* transcript herein. It is supported by a certificate of the county clerk to the effect that no *printed* transcript has ever been presented to her for certification.

The necessity for a printed transcript was negatived by the decision of this court in *Ramsay* v. *Rodgers,* 189 Cal. 100 [207 Pac. 516]. There the court said ''We think that by fair intendment the code as it now stands allows the filing of a typewritten transcript of the judgment in cases where an attempt has been made to proceed under section 953a and the appellant has failed to procure the reporter's transcript of the proceedings and evidence at the trial . . . '', and further, ''The point was expressly so decided by this court in denying a petition for rehearing after the decision of the District Court of Appeal in *McKinnell* v. *Hansen,* 34 Cal. App. 76–81 [167 Pac. 887], where we held that under rule VII, subdivision 2, an appeal on the judgment roll, prepared under section 953a, may be presented on a typewritten transcript. (See, also, *Beckett* v. *Stuart,* 35 Cal. App. 796, 797 [71 Pac. 107].)''

In *Miller* v. *Price,* 203 Cal. 772, at 774, 775 [265 Pac. 931], this court, in citing *Ramsay* v. *Rodgers, supra,* has further held that a transcript, such as is here presented, is sufficient under the provisions of section 950, Code of Civil Procedure, even where no attempt has been made to secure a record pursuant to the procedure outlined in section 953a, Code of Civil Procedure.

No briefs have been filed in this cause and we express no opinion on the merits of the appeal. Appellants' time to file their opening brief has been kept open until September 5, 1938.

While it is true that no appeal will lie from an order sustaining a demurrer, and such attempted appeal, as stated in the notice, should be dismissed, the point is not made on this motion, and we prefer to let the disposition of this matter abide the decision of the appeal on its merits, rather than dispose of the appeal piecemeal.

The notice to the clerk, under section 953a, Code of Civil Procedure, is not jurisdictional to the appeal, and if

the filing thereof were late (a matter not clearly shown by the record herein) the defect was cured by the filing of the duly certified transcript prior to service and filing of this notice of motion. (Rule V, sec. 1.)

The motion to dismiss the appeal is denied.

Seawell, J., Shenk, J., Houser, J., Curtis, J., Langdon, J., and Edmonds, J., concurred.