[L. A. No. 17268.—October 26, 1939.]

MARK BENSON, Appellant, v. CHARLES GARDNER et al., Respondents.

Herbert Cutler Brown for Appellant.

C. Ibeson Sweet for Respondents.

KNIGHT, J., *pro tem.*—Respondents move to dismiss the appeal herein upon the grounds that no transcript has been filed and that the forty-day period fixed by section 1 of rule I of the Rules for the Supreme Court and District Courts of Appeal within which a transcript could have been filed has long since expired.

The appeal was taken from a judgment entered in favor of respondents pursuant to an order sustaining a de-

murrer to the complaint without leave to amend; hence it is one that may be taken, presented and determined on the judgment roll alone. (*City of Los Angeles* v. *Forrester,* 4 Cal. (2d) 152 [48 Pac. (2d) 27].) Notice of appeal was served and filed on August 26, 1938, which was within sixty days after the entry of judgment, but since then appellant has done nothing in furtherance of the appeal. On the other hand, respondents have never given notice of entry of the judgment, nor has appellant in any manner waived such notice.

The determinative question presented by the motion is whether in taking an appeal such as this, that is, on the judgment roll alone, an appellant may avail himself of the alternative method prescribed by section 953a of the Code of Civil Procedure, for if it be the law that such method may be invoked, then the appellant herein is not in default, for the reason that until written notice of entry of the judgment is given or waived, the time within which he must initiate proceedings for the preparation of a transcript does not start to run. In other words, section 953a provides that the notice requesting the preparation of the transcript must be filed " . . . within ten (10) days after notice of entry of the judgment . . . ", and it is well settled that the period of time thereby fixed does not begin to run until written notice of the entry of judgment is given or waived in the manner specified by section 953d of the same code, and that the filing of notice of appeal does not constitute a waiver of such notice. (*Griffin* v. *Kent,* 206 Cal. 263 [274 Pac. 56]; *Attkisson* v. *Reynolds,* 94 Cal. App. 185 [270 Pac. 686]; *Smith* v. *Wall,* 97 Cal. App. 674 [275 Pac. 983]; *Best* v. *Smith,* 22 Cal. App. (2d) 363 [71 Pac. (2d) 78]; *Sterling Corporation* v. *Superior Court,* 207 Cal. 370 [278 Pac. 859].)

It is evident from a review of the history of section 953a and of the cases construing its provisions, that the question at issue should be answered in the affirmative. It appears therefrom that in 1915 the legislature materially extended the scope of said section by way of amendment thereto; and that while the construction placed on the section before it was amended was that appeals taken upon the judgment roll alone were excluded from the operation thereof (*Harpold* v. *Slocum,* 168 Cal. 364 [143 Pac. 609]; *Lapique* v. *Plummer,* 33 Cal. App. 317 [165 Pac. 56]), since the adoption of

the amendment a contrary rule of construction has prevailed. (*McKinnell* v. *Hansen*, 34 Cal. App. 76, 81 [167 Pac. 887]; *Beckett* v. *Stuart*, 35 Cal. App. 796 [171 Pac. 107]; *Ramsay* v. *Rodgers*, 189 Cal. 100 [207 Pac. 516]; *Lake* v. *Harris*, 198 Cal. 85 [243 Pac. 417]; *Charles* v. *City of Crescent City*, 12 Cal. (2d) 241 [83 Pac. (2d) 34].) That is to say, prior to the amendment of 1915 section 953a provided that any person desiring to appeal from any judgment, order or decree of the superior court "may, in lieu of preparing and settling a bill of exceptions pursuant to the provisions of section 650 of this code", file with the clerk of the court from whose judgment, order or decree said appeal is taken, or to be taken, a notice stating that he desires or intends to appeal, or has appealed therefrom, and requesting a transcript, etc.; and the construction placed on said section as it then stood was that the method of appeal therein provided could be invoked only in cases where a reporter's transcript was required. In thus circumscribing the scope of the section the court in *Lapique* v. *Plummer, supra,* said: " . . . the appeal is upon the judgment roll *alone,* a transcript of which is presented by a certified typewritten copy. No authority is found, either in the rules of the court or in the statutory provisions of the code, for this method of bringing up the record, where it consists solely and alone of the judgment roll. In the cases there specified, sections 953a, 953b and 953c of the Code of Civil Procedure provide for the preparation, certification, and filing of phonographic reports and transcripts of records to be used on appeal; but these sections do not apply to the transcript where the appeal is from the judgment upon the judgment roll alone." (Citing *Harpold* v. *Slocum, supra.*) But in 1915, the legislature broadened the operation of section 953a by adding immediately after the words "of this code" two clauses reading as follows: "or for the purpose of presenting a record on appeal from any appealable judgment or order, or for the purpose of having reviewed any matter or order reviewable on appeal from final judgment"; and shortly after the adoption of the amendment it was held by this court in an opinion denying a petition for hearing after decision of the District Court of Appeal, in the case of *McKinnell* v. *Hansen, supra,* that the alternative method of appeal as then set up by section 953a was available where the appeal was taken upon the judgment roll alone. In so holding the court

went on to say: "Prior to the amendment of section 953a in 1915, it was held that when the appeal was on the judgment roll alone, no record on appeal could be prepared thereunder, but it is settled by decisions made since the amendment that the effect thereof is to authorize a record thereunder even when the appeal is on the judgment roll alone, with the consequent right to a typewritten record thereof." And ever since the rendition of that opinion the courts have consistently adhered to such construction. The case of *Beckett* v. *Stuart, supra,* decided soon afterwards, held to the same effect; and both of those cases have been cited approvingly and the rule thereof has been restated and applied in numerous later cases, among them being *Ramsay* v. *Rodgers, supra, Lake* v. *Harris, supra,* and *Charles* v. *City of Crescent City, supra.* In *Lake* v. *Harris, supra,* the language used in reaffirmance of the rule was as follows: "The effect of the amendment (of 1915 to section 953a) was to authorize the preparation of a record under that section even where the appeal is on the judgment roll alone (see opinion of Supreme Court appended to *McKinnell* v. *Hansen,* 34 Cal. App. 76, 81 [167 Pac. 887], in denying petition for rehearing; also *Beckett* v. *Stuart,* 35 Cal. App. 796 [171 Pac. 107] ; *Locke Paddon* v. *Locke Paddon,* 194 Cal. 73 [227 Pac. 715].)" Moreover, as shown by the case of *Charles* v. *City of Crescent City, supra,* no exception is made of that class of appeals taken on the judgment roll alone wherein there has been no trial on the merits, for in that case, as here, the appeal was taken from a judgment entered in favor of the defendants pursuant to an order sustaining demurrers to a complaint without leave to amend; and it was held that the provisions of section 953a were available in taking such appeal and that the typewritten transcript procured in accordance therewith was sufficient for its presentation.

Apart from any arguments advanced in those cases, there have been no reasons suggested in support of the present motion which would justify the belief that when in 1915 the legislature broadened the operation of section 953a, it intended that the restricted construction theretofore placed thereon should continue; and the fact that said section was revised shortly after the rendition of the decision in *Harpold* v. *Slocum, supra,* which excluded appeals taken on judgment rolls alone from the operation of said code section, tends strongly to prove that the real purpose of the amendment was

to overcome the effects of that decision and to bring all appeals taken on the judgment roll alone within the scope of said code section.

It has been stated that the construction thus given the section places the party taking an appeal such as this in a position to delay indefinitely the presentation and determination thereof. But such is not the case, for the simple reason that as in all other appeals taken pursuant to section 953a the procedure prescribed therein for initiating the proceedings for the preparation of a transcript may be set in motion at any time by the respondent himself, merely by serving upon the appellant notice of the entry of judgment. Nor may it be said that such construction conflicts with any of the views expressed in the case of *Miller* v. *Price,* 203 Cal. 772 [265 Pac. 931]. The portion of the decision therein which is pertinent here holds merely that a typewritten transcript on appeal taken on the judgment roll alone, when properly certified, is sufficient under the provisions of section 950 of said code for the presentation of the appeal, even though no attempt has been made to secure a record pursuant to the provisions outlined in section 953a (*Charles* v. *City of Crescent City, supra),* and that under section 950 written notice to the clerk to prepare the transcript is not essential to its legal sufficiency.

Therefore, since the provisions of section 953a are available in taking an appeal of this kind, it cannot be held that the appellant herein is in default, because, under the authorities hereinabove cited, the period of time fixed by said section within which he may initiate proceedings to procure a transcript does not begin to run until respondents serve their notice of entry of the judgment, or such notice is waived in the manner provided by section 953d. Accordingly the motion to dismiss should be denied, and it is so ordered.

Shenk, J., Curtis, J., Houser, J., and Spence, J., *pro tem.,* concurred.