[Civ. No. 12432.   First Dist., Div. Two.   Nov. 16, 1943.]

GEORGE PEAK, Appellant, v. W. V. NICHOLSON et al.,
Respondents.

356

Wm. H. Penaat for Appellant.

A. E. Bagshaw and Martinelli & Gardiner for Respondents.

NOURSE, P. J.—The respondents have moved to dismiss the appeal upon two grounds—the failure to serve upon them a copy of the transcript, and the delay in filing the opening brief.

The action is one for damages against a number of defendants. The demurrer of those defendants who are the moving parties here was sustained and a judgment of dismissal was entered as to them on February 9, 1942. No notice of entry of judgment appears in the record. On March 12, 1942, appellant gave notice of appeal from this judgment. A typewritten transcript was prepared and certified by the county clerk and filed with the clerk of the District Court of Appeal of the Third District on June 9, 1942. No service of this transcript was made upon respondents. Extensions of time were given by that court for filing appellant's opening brief; the case was transferred to this court for hearing and decision, and further extensions were given here until July 19, 1943, when further extension was denied. On August 4, 1943, the opening brief was filed, and on August 12th these respondents filed their notice to dismiss the appeal upon the two grounds stated.

The first question must be determined from an examination of the rules of court existing prior to July 1, 1943, since the Rules on Appeal effective on that date are made applicable to pending appeals "after the filing of the record in the reviewing court." Rule 53(b). In the Draftsman's Notes attached to the new rules (Annotated Rules on Appeal,

published by California State Printing Office, 1943) it is correctly stated that this provision means that they shall apply to and govern the "subsequent proceedings" such as briefs, oral argument, dismissals and hearings.

Here the record on appeal was completed with the filing of the transcript on June 9, 1942. At that time neither the statute nor the rules required that the transcript be printed. The appellant has followed the same steps as those outlined in *Miller* v. *Price,* 203 Cal. 772 [265 P. 931]. The notice of appeal was not tied into section 953a of the Code of Civil Procedure, but a clerk's transcript, consisting of the judgment roll, and duly certified, was filed as the "record" on appeal. The Supreme Court held that this was sufficient for the review of all rulings which appear thereon, and that the record will be deemed a sufficient compliance with section 950 of the same code. In *Charles* v. *City of Crescent City,* 12 Cal.2d 241, 242 [83 P.2d 34], the Supreme Court followed the rule of *Miller* v. *Price, supra,* and went a step further in holding that the clerk's transcript was not required to be printed when the appellant failed to procure a reporter's transcript under section 953a citing *Ramsay* v. *Rodgers,* 189 Cal. 100 [207 P. 516], and *McKinnell* v. *Hansen,* 34 Cal.App. 76-81 [167 P. 887]. The citation of the latter case relates to the opinion of the Supreme Court on denial of a petition for transfer. At that time rule VII required that transcripts of record must be printed except in criminal cases and "civil cases coming under the provisions of section 953a." In reference to it the Supreme Court said: "It is the settled construction of that rule that in any civil case in which a record on appeal is authorized to be prepared under those sections, the case is a civil case 'coming under the provisions of section 953a' within the meaning of the rule, and that under the express terms of the rule (subdivisions 1 and 2), the whole record on appeal, including the judgment roll, may be typewritten. Such has been the invariable practice. Prior to the amendment of section 953a in 1915, it was held that when the appeal was on the judgment roll alone, no record on appeal could be prepared thereunder, but it is settled by decisions made since the amendment that the effect thereof is to authorize a record thereunder even when the appeal is on the judgment roll alone, with the consequent right to a typewritten record thereof."

These cases, and others to the same purport, are reviewed

and approved in *Benson* v. *Gardner,* 14 Cal.2d 526 [95 P.2d 136].

The rules upon which the moving parties here rely are sections 1 and 2 of rule I, section 1 of rule VII and rule XII. They require generally that all transcripts of record, except in criminal cases "and civil cases coming under the provisions of section 953a of the Code of Civil Procedure, shall be printed" and that the "printed transcript" shall be served before filing. The Supreme Court in the McKinnell case has clearly interpreted the meaning of "civil cases coming under the provisions of 953a" as relating to any civil case in which a transcript is "authorized" to be prepared under that code section, and hence we have no difficulty in holding that, where a notice of appeal was duly given and a typewritten clerk's transcript was duly filed, it was a sufficient record on appeal, under the old rules, for the review of the rulings appearing therein, as in the case of an appeal based upon the judgment roll alone.

The second ground of the motion calls for the application of the new Rules on Appeal, which "apply to pending appeals, after the filing of the record in the reviewing court." (Rule 53(b).) On July 1, 1943, when the rules took effect, the record was on file, and consequently all subsequent steps in the reviewing court had to be taken under the new procedure.

The new rules, like the old, provide fixed periods within which briefs must be filed, and likewise provide for extensions of time and relief from default. Appellant's brief was not filed within the time specified nor any extension thereof and he was clearly in default under the express and mandatory terms of rule 16(a). However, he was permitted to file the brief a little over two weeks after the expiration of the last extension, and in granting such permission this court was exercising the powers expressly recognized by rule 53(b) in the following language: "The reviewing court for good cause may relieve a party from a default occasioned by any failure to comply with the new rules, except the failure to give timely notice of appeal." The excuse offered by appellant was that he was without funds to pay the printer, and that he had expected that the orders extending his time would continue because the trial of the case on the merits as to other defendants was then pending in the superior court. To this it may be added that the change from the old to the new rules took place during the period consumed by these extensions, and under the former rules the filing of his brief before the notice

of motion to dismiss would have been a sufficient answer to the motion. ▮ It is the accepted policy of the courts to encourage hearings of appeals on their merits and a dismissal on technical grounds is not favored where it does not appear that the delay caused material detriment to the respondent.

▮ We do not wish to be understood as suggesting, by anything said in this opinion, that under the new rules an appellant has an additional 30 days to file his brief, by virtue of the provisions of rule 17(a), and therefore that respondent's motion to dismiss was premature. Rule 17(a) merely provides a speedy procedure of enforcement of the terms of rule 16(a) and the notification and grace period of 30 days operates in much the same manner as the former order to show cause why the appeal should not be dismissed for failure to file the brief. Rule 17(a) expressly states that if the clerk does not mail the notification, the respondent may move to dismiss, and there is nothing in the section which prevents him from making that motion within a reasonable time after the brief is due. The motion may be granted or denied, in the discretion of the court. But if the brief is already on file at the time the notice of motion is given, the motion must necessarily be denied, for as pointed out above the filing of the brief after the time therefor has elapsed is possible only by permission of the reviewing court, and this amounts to relief from the default.

The motion is denied.

Spence, J., and Dooling, J. pro tem., concurred.