[Civ. No. 8379., Second Appellate District, Division One.—September 13, 1932.]

ELEANOR JOYCE BIRKLAND, Respondent, v. RAT-TEREE LAND COMPANY, Appellant.

Harley E. Riggins and Schweitzer & Hutton for Appellant.

Edwin J. Miller for Respondent.

CONREY, P. J.—The defendant appealed from a judgment whereby the plaintiff recovered damages for alleged fraud committed by the defendant in the course of certain real estate transactions with the plaintiff. The record on appeal having been filed, appellant on May 14, 1932, filed its opening brief. ▮ Now comes the respondent and moves the court to affirm the judgment upon the ground that appellant has failed to comply with the rules governing appeals, and particularly has not complied with the requirement of rule VIII, that "The pleadings need not be printed in such briefs, but the nature of the action and the substance of the pleadings must be stated in general terms."

An inspection of the seventeen-page brief filed by appellant reveals that appellant has failed to comply with the rule. It is stated in the brief that the case naturally falls into two classes which are referred to as the first cause of action and the second cause of action. While we have spoken of the action as one to recover damages for fraud, this is true only as a general statement. Possibly it may be subject to a different description. There is not in the brief any statement of the pleadings whereby the issues presented to the trial court by those pleadings can be defined or understood. Undoubtedly, the plaintiff was in some form attempting to recover money paid out under conditions such that the payment was said to have been induced by fraud and misrepresentation. It also appears that appellant is contending that for stated reasons the plaintiff was not entitled to recover any compensation or damages in this action. But in the absence of any statement of the contents of the pleadings, or of the substance thereof, the brief does not present any record by which the merit of appellant's contentions can be tested.

The appeal is dismissed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 6, 1932.