[Civ. No. 7072. Second Appellate District, Division One.—January 30, 1933.]

ALFRED B. TREFETHEN et al., Respondents, v. FRANK DALTON et al., Appellants.

Perry G. Briney, Victor R. Hansen and Arthur C. Verge for Appellants.

Woodruff, Musick & Hartke for Respondents.

YORK, J.—██ Practically the only question raised by appellants in this case is: "There is no substantial evidence to support the findings." An examination of the transcript discloses that each of the findings is supported by some evidence.

This is an action to enjoin a nuisance and for damages. Appellants have not filed any supplement to their brief or set out the evidence relating to the matters they urge upon this appeal, but, as stated by respondents, "have contented themselves with printing only such isolated testimony as favors their contentions".

██ Appellant is attempting to raise the question that the respondents were guilty of laches to such an extent that the court was not justified in rendering the judgment that was rendered. However, it was a question for the trial court to determine upon all of the evidence before it what the facts were in regard to the allegations as to such laches charged, and then to determine as a matter of law whether, under the circumstances found, the plaintiffs were guilty of such laches as would preclude their recovery. We can find no error in the court's determination either as to such facts or as to the law.

The judgment appealed from is affirmed.

Houser, J., concurred in the judgment.

CONREY, P. J., Concurring.—I concur in the judgment. While the record has been examined, I think it appropriate to suggest that the court is not under obligation to search the record for errors beyond those properly brought to light in an appellant's brief.

In Rule VIII, section 3, governing the practice on appeals, it is provided that "the pleadings need not be printed in such briefs, but the nature of the action and the substance of the pleadings must be stated in general terms". Section 953c of the Code of Civil Procedure, relating to appeals presented under the so-called "alternative method", provides that the parties shall "print in their briefs, or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court". Rule VIII, section 3, allows a party, who relies upon any part of the record which is required to be printed in the brief,

"to state therein the substance of such record, parenthetically referring to the line and page of the typewritten transcript for verification". For failure to comply with these rules an appeal may be dismissed. (Rule VIII, sec. 4; *Birkland* v. *Ratterree Land Co.*, 125 Cal. App. 747 [14 Pac. (2d) 133]; *Haines* v. *Commercial Mortgage Co.*, 205 Cal. 71 [269 Pac. 921].) The rules ought to be observed in the writing of briefs, even though in the matter of their enforcement the appellate courts (in their desire to decide cases on their actual merits) have been "slow to wrath, and plenteous in mercy".

In the present case appellant in his brief made no attempt to set forth, in form or substance, the pleadings or the judgment. He does copy certain findings, and evidence in relation thereto. But that is not sufficient to show the relation of those findings to the judgment or to the issues which may have been raised by the pleadings.

Appellant says that the action was instituted by respondents to "restrain the further operation" of a certain machine-shop. On reading the judgment as set forth in the transcript, I find that it takes the form of a regulation of the described operations, apparently for the purpose of preventing certain noises, obnoxious odors, etc., at times when they would be a nuisance to the plaintiffs in their home. Upon the record as presented, I find no sufficient reason for a reversal of the judgment.