[Civ. No. 8576.  Second Appellate District, Division One.—March 30, 1933.]

ALLIED FINANCE COMPANY, LTD. (a Corporation), Respondent, v. J. T. ADAMS, Appellant.

James C. Hollingsworth for Appellant.

Mark H. Edwards for Respondent.

CONREY, P. J.—The defendant appealed from the judgment entered against him in this action. The clerk's and reporter's transcripts and the appellant's opening brief have been filed. Proceeding under Rule V, section 3, respondent moves for dismissal of the appeal or affirmance of the judgment. Rule VIII, section 3, of the rules of this court provides: ''Where the parts of the typewritten record relied upon on appeal are required to be printed in the briefs (Code Civ. Proc., secs. 953a et seq.), it shall be sufficient to state herein the substance of such record, parenthetically referring to the line and page of the typewritten transcript for verification, . . . The pleadings need not be printed in such briefs, but the nature of the action and the substance of the pleadings must be stated in general terms. . . . ''

In passing upon a similar motion in *Birkland* v. *Ratterree Land Co.*, 125 Cal. App. 747 [14 Pac. (2d) 133], this court said: ''There is not in the brief any statement of the plead-

ings whereby the issues presented to the trial court by those pleadings can be defined or understood. . . . But in the absence of any statement of the contents of the pleadings, or of the substance thereof, the brief does not present any record by which the merit of appellant's contentions can be tested.'' The appeal was dismissed. In *Haines* v. *Commercial Mortgage Co.*, 205 Cal. 71 [269 Pac. 921], the Supreme Court said: ''The appellants' opening brief, consisting of but six pages, makes no attempt to set forth any part of the record. It contains but an outline of the appellants' several contentions upon appeal from which it is difficult to even ascertain the facts giving rise to the litigation.'' The judgment was affirmed. In *Dahlberg* v. *Dahlberg*, 202 Cal. 295 [260 Pac. 290], the judgment was affirmed as a consequence of appellant's failure to set forth enough of the record to properly present merits of the appeal. ▉ In the case at bar the brief of appellant is likewise defective. There is indeed a statement (without reference to the record) that the action was brought by the original vendor on a conditional sales contract to recover from the vendee a balance due on the purchase price. But this does not give the substance of the complaint, or any statement of the answer or of the issues tendered by the answer.

Moreover, if we should ignore the insufficiency of the brief in its presentation of the record, nevertheless we would find in paragraph 12 of the contract (the only paragraph thereof contained in the brief) terms of agreement which probably are sufficient to make inapplicable to the case the decisions upon which appellant relies for reversal of the judgment.

The judgment is affirmed.

Houser, J., and York, J., concurred.