[Civ. No. 13033. Second Dist., Div. One.—April 7, 1941.]

DOMINGO MACHADO, Petitioner, v. THE SUPERIOR COURT OF SAN LUIS OBISPO COUNTY, Respondent.

Fred A. Shaeffer for Petitioner.

John H. Machado and Nelson & Castro for Respondent.

WHITE, J.—Petitioner seeks a writ of mandate to compel the respondent superior court to settle, allow and certify a transcript to be used on appeal from a judgment rendered in a partition suit.

The action in question was commenced by one Roza Williams against several defendants, including petitioner herein, as owners in common of the real property involved. Also named as defendants were several parties who were alleged to be holders of certain liens upon the interests of some of the defendants in the lands in question. By its final judgment respondent court partitioned the real property and al-

lotted and set apart in severalty to the respective owners their undivided interests therein, subject to the liens heretofore mentioned.

Upon presentation of the reporter's transcript, the trial judge declined to certify it, for the reasons that the same allegedly contained "but a portion of said proceedings had on the motions to confirm or modify the referees' report, and does not contain a full or sufficient record to enable a reviewing court to determine if any error were committed". As a further ground for his refusal to certify the transcript, the judge of respondent court asserts that two of the lienholders, although real parties in interest, were not given notice as such lienholders of the time and place for the settlement of the transcript on appeal. It appears, however, that the main reason for the refusal of the judge to certify the transcript was because in taking his appeal petitioner herein, as a defendant in the partition suit, appealed from "a judgment in said action rendered in favor of the plaintiff and against the defendant Domingo Machado". In other words, the judge of respondent court contends that in a partition action all parties thereto are actors and adverse parties and are affected by a reversal or modification of the judgment, or any part thereof; and that therefore an appeal in such a case must be from the judgment against all the defendants and not from that part of the judgment which concerns the rights in the partitioned property only of the appellant. In this last-mentioned claim the judge of respondent court must be sustained.

Without doubt all persons, both plaintiffs and defendants, in a partition suit are actors as against each other, and each, therefore, is an "adverse party" within the meaning of the law in relation to appeals. The notice of appeal herein is directed to all defendants except the lienholders, and reads in substance as follows: "You and each of you will please take notice that Domingo Machado, one of the defendants in the above-entitled action, hereby appeals to the District Court of Appeal of the State of California. Second Appellate District, from a judgment in said action rendered in favor of the plaintiff and against the defendant Domingo Machado and entered on the 19th day of October, 1940, in judgment book V, page 351 of the records of the Superior Court of the State of California, in and for the

County of San Luis Obispo, and from the whole thereof.'' It is at once apparent from a reading of the notice of appeal that the phrase ''and from the whole thereof'' as contained in the notice refers solely and exclusively to the judgment only so far as it affects one of the defendants, namely, petitioner herein. All of the other defendants who claimed an interest in the property of necessity will be affected by a reversal or modification of the judgment from which the appeal was taken, and each is therefore an ''adverse party'' within the meaning of the pertinent provisions of the code. (*Peterson* v. *Klitgaard*, 103 Cal. App. 241 [284 Pac. 519] ; *Senter* v. *De Bernal*, 38 Cal. 637.) Such being the rule, it follows that petitioner herein as appellant in the lower court cannot maintain his appeal as against any of his codefendants, because they have not been made parties to the appeal as they should have been, because a reversal or modification of the judgment in the partition action will of necessity affect them.

 There is a further ground upon which the refusal of the judge of respondent court to certify the transcript must be upheld. From respondent court's return to the alternative writ it appears and is uncontradicted that the proffered reporter's transcript contained only a portion of the proceedings had on the motion to confirm or modify the referees' report, and ''does not contain a full or sufficient record to enable a reviewing court to determine if any error were committed''. The trial judge is not required, nor can he be compelled, to certify a defective record. As was said by our Supreme Court in *Wynecoop* v. *Superior Court*, 17 Cal. (2d) 657 [111 Pac. (2d) 332] : ''It is apparent that the trial judge properly refused to certify the transcript on the grounds stated. In an appeal from an *order* it is possible to bring up a complete record under the alternative method (Code Civ. Proc., sec. 953a et seq.) only in cases where all of the evidence was documentary or where a transcription of oral evidence may be secured. In authenticating the evidentiary matter on such an appeal, the certificate of the judge must state not only that the evidence contained in the record on appeal was used or considered by him in the determination of the matter appealed from, but also that the record contains *all* of the evidentiary matter so used or considered. When such authentication is impossible, an appellant must

proceed by bill of exceptions unless he elects to bring up the 'judgment roll' alone. (See Rule XXIX, Rules for Supreme Court and District Courts of Appeal; *Charles* v. *City of Crescent City,* 12 Cal. (2d) 241 [83 Pac. (2d) 34].)''

In view of the foregoing, consideration of other points raised becomes unnecessary.

The alternative writ is discharged and a peremptory writ of mandate is denied.

York, P. J., and Doran, J., concurred.