Filed 4/24/25  BW v. Dell'Amore Limousine CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

|  |  |
|---|---|
| MR. BW,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>DELL'AMORE LIMOUSINE,<br><br>    Defendant and Respondent. | B327059<br><br>(Los Angeles County<br> Super. Ct. No. 19STCV12599) |

APPEAL from an order of the Superior Court of Los Angeles County, Michelle Williams Court and Richard L. Fruin, Judges.  Dismissed.

Mr. BW, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

## INTRODUCTION

Plaintiff and appellant Mr. BW (Williams)[1] was declared a vexatious litigant by the trial court. He appeals the trial court's January 25, 2023, prefiling order prohibiting him from initiating litigation in propria persona without obtaining permission from the relevant presiding judge or justice. While the appeal was pending, the trial court issued an order vacating the January 25 prefiling order nunc pro tunc as the result of clerical mistake. We dismiss Williams' appeal as moot as the January 25 order has been vacated and an independent prefiling order was subsequently entered against Williams on August 9, 2023.

## FACTUAL AND PROCEDURAL BACKGROUND

For purposes of this appeal, Williams' operative complaint is the first amended complaint he filed in propria persona on April 11, 2022. The first amended complaint asserted 61 causes of action against several individuals and entities, including multiple limousine and bail bond companies, and the Los Angeles Sheriff's Department (Sheriff's Department). The complaint was almost entirely devoid of factual allegations and did not specify what causes of action were being asserted against which defendants. The complaint appeared to stem from an unspecified event that occurred on April 11, 2017.[2]

---

[1] Appellant filed this action under the name "Mr. BW." It is undisputed that appellant has previously filed actions under the names Briand Williams, Brian Williams, Mr. Williams, and Williams Briand. Throughout this opinion we will refer to appellant as Williams for simplicity.

[2] The trial court stated that it "underst[ood] this action to arise out of Plaintiff's arrest on April 11, 2017." The Sheriff's Department also put forth evidence showing Williams was arrested on April 11, 2017. Williams has not disputed these representations.

2

On June 24, 2022, the Sheriff's Department filed a motion to have Williams declared a vexatious litigant under Code of Civil Procedure section 391.[3] The Sheriff's Department argued Williams filed at least five unsuccessful cases in propria persona in the last seven years using the names Briand Williams, Mr. Williams, and Williams Briand.[4] As part of its motion, the Sheriff's Department argued Williams should be ordered to furnish security under section 391.3 as he could not establish a reasonable probability of prevailing in his case against the Sheriff's Department. Williams filed oppositions to the motion on August 30 and September 7, 2022. Williams' oppositions were almost entirely comprised of general summaries of law relating to vexatious litigants, the right to self-representation, and the Americans with Disabilities Act. The oppositions did not discuss the merits of the Sheriff's Department's motion and did not dispute that he filed the cases identified by the Sheriff's Department. In its reply, the Sheriff's Department noted Williams' oppositions were mostly comprised of unattributed quotations from Wikipedia.

At the hearing on the Sheriff's Department motion, Williams again did not argue the merits of the motion. Instead, he simply claimed in general terms that "whatever basis the court made its tentative ruling on is not supported by the record."[5] Williams also stated that he objected to the

[3]     All further unspecified statutory references are to the Code of Civil Procedure.

[4]     The Sheriff's Department subsequently filed an additional declaration showing Williams had also initiated litigation under the name Brian Williams.

[5]     Williams' January 21, 2025, motion to augment the record on appeal with transcripts from several hearings is granted.

3

tentative ruling, without specifying grounds for that objection. The trial court granted the motion, determining Williams met the statutory definition of vexatious litigant under section 391, subdivision (b)(1) as he "has had five cases finally determined against him within the past seven years." The trial court separately found Williams met the statutory definition of a vexatious litigant under section 391, subdivision (b)(3)[6] as he repeatedly filed unmeritorious motions, pleadings, or other papers or engaged in tactics that were frivolous or solely intended to cause unnecessary delay.

Turning to the request to require Williams to furnish security, the trial court examined Williams' claims and determined "there is no reasonable probability that Plaintiff will prevail in the litigation against" the Sheriff's Department. The court ordered Williams to furnish security of $100,000 for the benefit of the Sheriff's Department within 30 days. The court cautioned Williams that failure to furnish the security would result in the dismissal of the Sheriff's Department as a defendant.

The trial court noted the Sheriff's Department did not ask for the entry of a prefiling order against Williams under section 391.7. The court determined that "Based upon the evidence provided, the Court is inclined to enter a prefiling order." On its own motion, the court set an order to show cause for Williams to show why he "should not be subject to a prefiling order." The court also set an order to show cause to determine whether Williams furnished the security as ordered by the court.

Both orders to show cause were heard on November 29, 2022. The court took all matters under submission. On December 19, 2022, the trial court issued a ruling dismissing Williams' case against the Sheriff's

---

[6] The trial court's ruling incorrectly cited subdivisions (b)(1) and (b)(3) as subdivisions (a)(1) and (a)(3), respectively.

4

Department based on his failure to furnish the security ordered by the court. The court also took the order to show cause regarding the prefiling order off calendar as moot.

On January 3, 2023, the case was reassigned from the Honorable Michelle Williams Court to the Honorable Colin P. Leis. Williams filed a preemptory challenge to Judge Leis, and on January 23, 2023, the case was reassigned to the Honorable Richard L. Fruin. On January 25, 2023, a prefiling order was entered against Williams prohibiting him from filing any new litigation in California without first obtaining the approval of the presiding justice or judge. The order was signed by Judge Williams Court and specified that it was being entered at the request of the Sheriff's Department.

On January 27, 2023, Williams filed a notice of appeal stating he was appealing the January 25 prefiling order. That notice of appeal was the genesis of this appellate action. While the appeal was pending, Williams filed a motion in the trial court to vacate the prefiling order. In response to the motion, Judge Williams Court issued an order on April 27, 2023, vacating the January 25 prefiling order nunc pro tunc.[7] Judge Williams Court explained the January 25 prefiling order was entered as the result of clerical error "and was not 'the deliberate result of judicial reasoning and determination.' [Citation.]" The order also directed that "A copy of this order shall be served upon the Judicial Council to remove Plaintiff's name from the vexatious litigant list."

---

[7] On our own motion, we take judicial notice of the appellate docket and record in Williams' subsequent appeal, designated case No. B332830, which contains the April 27, 2023, order of Judge Williams Court as well as the August 9, 2023, order of Judge Fruin discussed infra.

5

Subsequently, on August 9, 2023, Judge Fruin granted a motion filed by defendant and respondent Dell'Amore Limousine (Dell'Amore) to declare Williams a vexatious litigant. In granting the motion, the court also imposed a prefiling order under section 391.7, subdivision (a), prohibiting Williams from filing any new litigation without obtaining leave from the presiding or supervising judge of the court where the litigation was to be filed. The prefiling order was signed, filed, and faxed to the Judicial Counsel of California that same day.

Williams appealed the August 9, 2023, order, which gave rise to appellate case No. B332830. On July 18, 2024, this Court dismissed the B332830 matter under California Rules of Court, rule 8.220(a)(1) due to Williams' failure to file an opening brief. On October 9, 2024, remittitur was issued in the B332830 appeal.

## DISCUSSION

I.    *Scope of this Appeal*

"'Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from.' [Citation.]" (*Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170.) We have no jurisdiction over an order not mentioned in the notice of appeal. (*Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 46–47.) "'[W]here several judgments and/or orders occurring close in time are separately appealable (e.g., judgment and order awarding attorney fees), each appealable judgment and order must be expressly specified—in either a single notice of appeal or multiple notices of appeal—in order to be reviewable on appeal.'" (*DeZerega v. Meggs* (2000) 83 Cal.App.4th 28, 43; accord *Colony Hill v. Ghamaty* (2006) 143 Cal.App.4th 1156, 1171.) "The policy of liberally construing a notice of

6

appeal in favor of its sufficiency (Cal. Rules of Court, rule 8.100(a)(2)) does not apply if the notice is so specific it cannot be read as reaching a judgment or order not mentioned at all." (*Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 173 (*Filbin*).)

On appeal, Williams alleges the trial court erred in several respects. For example, Williams argues the trial court improperly sustained a demurrer filed by one defendant, improperly held hearings while the case was stayed, erroneously dismissed defendants, denied his due process, and was biased against him. Most of these claims of error fall beyond the scope of this appeal. Williams' notice of appeal in this action expressly specifies that he is appealing one order: the January 25, 2023, prefiling order. The same is true of the Civil Case Information Statement Williams filed on March 28, 2023. Williams' filings are so specific that they cannot be read as reaching any other orders or rulings which are not mentioned at all. (*Filbin*, *supra*, 211 Cal.App.4th at p. 173.)

Our jurisdiction in this appeal is limited to the review of the January 25, 2023, prefiling order identified in Williams' notice of appeal. Accordingly, we do not reach any of the claims of error identified in Williams' brief that are unrelated to the January 25 prefiling order.[8]

---

[8] Williams also raises arguments regarding the trial court's rulings granting the Sheriff Department's vexatious litigant motion and dismissing the Sheriff's Department from the case. Williams did not designate the Sheriff's Department as a respondent in this action and did not serve his briefs on the Sheriff's Department. Williams cannot maintain an appeal of rulings that affect the Sheriff's Department without making the Sheriff's Department a party to this appeal. (See e.g. *Machado v. Superior Court* (1941) 44 Cal.App.2d 81, 83.) For this separate reason, we do not reach any of Williams' arguments relating to the Sheriff's Department.

II. *Williams' Appeal is Moot*

Our duty as an appellate court ""'is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" [Citation.]" (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541.) "A case becomes moot when a court ruling can have no practical impact or cannot provide the parties with effective relief." (*Simi Corp. v. Garamendi* (2003) 109 Cal.App.4th 1496, 1503; accord *Lockaway Storage v. County of Alameda* (2013) 216 Cal.App.4th 161, 174–175.) "'When no effective relief can be granted, an appeal is moot and will be dismissed.' [Citations.]" (*MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214; accord *Leenay v. Superior Court* (2022) 81 Cal.App.5th 553, 573 ["The mootness doctrine permits an appellate court to dismiss proceedings if later events render it impossible for the appellate court to grant effective relief"].)

Any dispute regarding the validity of the January 25 prefiling order was rendered moot when Judge Williams Court vacated the January 25 prefiling order nunc pro tunc. As the order has already been vacated by the trial court, Williams is suffering no ongoing harm from it. Consequently, there is no dispute or controversy for us to resolve regarding the January 25 prefiling order, and Williams' appeal of that order is moot. (See *Andrisani v. Saugus Colony Limited* (1992) 8 Cal.App.4th 517, 524 [appeal from trial court orders was rendered moot by trial court's subsequent vacatur of those orders because "appellant is no longer aggrieved by these orders"].)

Nor are we able to grant Williams the relief he seeks through this appeal. Williams' only request relating to the January 25 prefiling order is

8

that we order his name stricken from the list of vexatious litigants kept by the Judicial Council of California. While Williams' name currently appears on the Judicial Council's list, this is not because of the January 25 prefiling order. Instead, he is on the list because of the separate August 9 prefiling order subsequently entered by Judge Fruin. The validity of the August 9 prefiling order was the subject of a different appeal, case No. B332830, which has since been dismissed. As explained above, the August 9 order falls beyond our jurisdiction in this action and we cannot grant Williams any relief from it.

Under Government Code section 68081, we invited Williams to submit a supplemental letter brief addressing the issue of mootness. Williams filed a supplemental letter brief on April 4, 2025. His supplemental brief acknowledges the January 25 prefiling order was subsequently vacated by the trial court. His brief does not identify any ongoing harm he suffers as a result of the vacated January 25 order. Instead, Williams devotes the majority of his supplemental brief to reciting irrelevant points of law and disputing the validity of the August 9 prefiling order. These arguments have no bearing on whether this appeal has been rendered moot.

As the January 25 prefiling order has already been vacated, his appeal of that order is moot. "Even when a case is moot, courts may exercise their 'inherent discretion' to reach the merits of the dispute." (*In re D.P.* (2023) 14 Cal.5th 266, 282.) "As a rule, courts will generally exercise their discretion to review a moot case when 'the case presents an issue of broad public interest that is likely to recur,' 'when there may be a recurrence of the controversy between the parties,' or 'when a material question remains for the court's determination.' [Citations.]" (*Ibid*.) None of these circumstances are present

here, and we decline to exercise our inherent discretion to reach the merits of this appeal.

## DISPOSITION

The appeal is dismissed as moot.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, Acting P. J.

WE CONCUR:


MORI, J.


DAUM, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.